# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| BAYVIEW LOAN SERVICING, LLC, | § § | |
| *Plaintiff*, | § § | CASE NO. 6:17-CV-262 |
| v. | § § § | |
| CAROL PASELK AND/OR ALL OCCUPANTS OF 330 CR 1169, BRASHER, TEXAS 75420 | § | |
| *Defendant*. | | |

## ORDER ADOPTING REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

The Report and Recommendation of the Magistrate Judge, which contains her findings, conclusions and recommendation for the disposition of this matter has been presented for consideration. Docket No. 32. The Report and Recommendation, filed on November 1, 2017, recommends that Plaintiff's First Amended Motion to Remand (Docket No. 21) be granted. Defendant filed written objections to the Report and Recommendation on November 28, 2017 (Docket No. 36), and Plaintiff filed a response on December 5, 2017 (Docket No. 39).

Plaintiff, Bayview Loan Servicing, LLC ("Bayview"), originally filed this forcible detainer action in Justice of the Peace Court, Precinct 1, Place 1, Hopkins County, Texas. Docket No. 1 at 1. Judgment was granted in favor of Bayview on December 9, 2016 and again on appeal in the County Court of Hopkins County on January 8, 2017. Docket No. 32 at 1. Defendant removed

this case to federal court after losing her appeal in the County Court of Hopkins County, Texas. *Id*. Finding a lack of subject matter jurisdiction, the Report and Recommendation recommends that the matter be remanded to the County Court of Hopkins County. *Id*. at 4.

In her objections, Defendant, proceeding *pro se*, states that she is asserting a defense or a counterclaim pursuant to a federal statute. Docket No. 36 at 2. Federal question jurisdiction, however, is only applicable when "the plaintiff's statement of his own cause of action shows that it is based upon [federal law]." *Vaden v. Discover Bank*, 556 U.S. 56, 60 (2009) (quoting *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)). Pursuant to 28 U.S.C. § 1331, "counterclaims, even if they rely exclusively on federal substantive law, do not qualify a case for federal-court cognizance." *Vaden*, 556 U.S. at 61. Plaintiff's cause of action—forcible detainer—is brought exclusively pursuant to Texas law.

Additionally, even if federal question jurisdiction could be based on a counterclaim pursuant to a federal statute, the claims identified by Defendant in her written objections and in her recently filed Amended Notice of Removal/Complaint (Docket No. 35) are all claims that either were or could have been litigated in Defendant's prior lawsuit in this court. Previously, Defendant filed Civil Action No. 6:16-cv-1383, styled *Paselk v. Bayview Loan Servicing, LLC, et al*., on December 20, 2016, based upon the same facts asserted by Defendant here. In that case, Defendant fully litigated her claims against Bayview concerning the subject property. The case was dismissed with prejudice on September 27, 2017. A litigant cannot pursue a second action that arises from the same operative facts as those raised and adjudicated, or that could have been adjudicated, in a prior lawsuit. *See Ocean Drilling & Exploration Co., Inc. v. Mont Boat Rental Services, Inc*., 799 F.2d 213, 216–17 (5th Cir. 1986); *Nilsen v. City of Moss Point, Mississippi*, 701

F.2d 556, 560 (5th Cir. 1983) (en banc). Defendant's claims against Bayview are barred by the doctrine of *res judicata*.

Defendant further asserts in her written objections to the Report and Recommendation that diversity jurisdiction exists in this case. Docket No. 36 at 2. As the removing party, the burden is on Defendant to plead and prove that the parties are completely diverse. *Ray v. Bird and Son and Asset Realization Co.*, 519 F.2d 1081, 1082 (5th Cir. 1975). The pleadings in this case show that Defendant resides in Hopkins County, Texas, but does not establish the citizenship of Bayview. Moreover, removal on the basis of diversity of citizenship is improper if, as here, the defendant resides in the State in which the action is brought. 28 U.S.C. § 1441(b)(2).

Even if Defendant had established diversity of citizenship sufficient to support removal, she has not established the requisite amount in controversy. In the context of a forcible detainer action following a foreclosure proceeding, the amount in controversy is determined by the value of the right of possession, and not the value of the property. *See, e.g., Federal Nat'l Mort. Ass'n v. Loving*, 2011 WL 2517267, at *4 (N.D.Tex. June 23, 2011). Defendant submits a conclusory statement in her objections that the value of the right of possession here exceeds $75,000 (Docket No. 36 at 2), but she does not provide any facts to support that conclusion. Defendant has not met her burden of showing that the value of the right to occupy the property exceeds $75,000.

For these reasons, having made a *de novo* review of the written objections filed by Defendant in response to the Report and Recommendation, the Court concludes that the findings and conclusions of the Magistrate Judge are correct and the objections are without merit. Defendant has not met her burden of establishing federal question jurisdiction or diversity jurisdiction. As a result, this Court lacks subject matter jurisdiction. It is therefore

**ORDERED** that the Report and Recommendation filed on November 1, 2017 is **ADOPTED** and Defendant's objection is **OVERRULED**. It is further **ORDERED** Plaintiff's First Amended Motion to Remand (Docket No. 21) is **GRANTED** and this forcible detainer action is **REMANDED** to the County Court of Hopkins County (cause number cv-16-08504). Any motion not previously ruled on is **DENIED**.

**SIGNED this 7th day of December, 2017.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE